[No. 20727.   In Bank. — September 3, 1891.]

## THE PEOPLE, RESPONDENT, v. W. S. CLENDENNIN, APPELLANT.

CRIMINAL LAW — ASSAULT TO KILL — INSANITY — IRRESISTIBLE IMPULSE —
INSTRUCTIONS. — Upon the trial of a charge of assault with intent to kill,
where the court has instructed the jury that the defendant was not re-
sponsible unless at the precise time of the alleged assault he was capable
of knowing, and did know, the nature and character of the act and its
wrongfulness, and that the condition of the defendant's mind before or
afterwards was only to be considered for the purpose of throwing light
upon its state at the time of the commission of the act, it is not error for
the court to refuse to instruct them that although the defendant might
have felt an irresistible impulse to do the act while conscious of its na-
ture and character, yet if they should find that such consciousness did
not exist up to and at the time of the commission of the act, it was their
duty to acquit, and that insanity, whether permanent or temporary, is a
complete defense to all acts committed while under its influence.

APPEAL from a judgment of the Superior Court of
San Diego County.

The facts are stated in the opinion.

*Hunsaker, Britt & Goodrich,* and *Alexander Campbell,*
for Appellant.

*Attorney-General Hart,* and *Deputy Attorney-General
Layson,* for Respondent.

TEMPLE, C. — The defendant was convicted of an as-
sault with the intent to commit murder, and appeals
from the judgment, without a statement or bill of ex-
ceptions.  He objects to the refusal of the court to give
certain instructions.  As the evidence is not brought up,
it would be enough to say that we cannot see that the

instructions refused were applicable to any matter before the jury; but it is not necessary to rest the decision upon that ground, for it is evident that there was no error.

The instructions asked read as follows: "While the law does not recognize as a defense an irresistible impulse to do an act of a criminal nature when the party doing the act is conscious of the nature and character of the act, and that it is wrongful and unlawful, yet, though the person accused may have felt an impulse to do the act while such consciousness existed, it is for the jury to determine whether such consciousness existed up to and at the time of the commission of the act, and if it did not so continue, it is their duty to acquit. You are further instructed that insanity as hereinbefore defined is a complete defense to all criminal acts committed while under its influence, whether such insanity be permanent or temporary."

Assuming, for the purpose of this decision, although we really have no warrant in so doing, that there was evidence tending to show the existence of an irresistible impulse before the commission of the criminal act, it is evident that such circumstance was entirely immaterial, unless the jury found that the defendant was conscious at the time of the commission of the act; and having been told, as common sense would have taught them without instruction, that defendant was not responsible unless he was at the time conscious, there was no intelligible purpose to be served by such an instruction. It was confusing, rather than instructive. It might impress them with the idea that previous mental states could affect the question of responsibility,— the very reverse of what defendant desired. They had been told that it must appear that *at the time* of the alleged assault the defendant was capable of knowing, and did know, the nature and character of the act and its wrongfulness; and the very last instruction given was: "You are to determine what the condition of the defendant's mind was at the *precise time* of the alleged assault. Its condition

before or afterwards is only to be considered for the purpose of throwing light upon its state at the time of the commission of the act."

If under these instructions the jury could misunderstand the point made in the proposed instruction, they were incapable of enlightenment. It would have appeared to them, as it was in fact, utterly immaterial whether there was or was not an irresistible impulse before that time, if they found that he then was not conscious of his act.

The same reasoning answers the proposition as to the instruction concerning temporary insanity.

We advise that the judgment be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.